(Superior Court of Cincinnati.)

General Term—June, 1897.

FREDERICK B. LOTZE et al. v. THE CITY OF CINCINNATI.

Compensation for injury to buildings abutting a graded street. Measure of damages.

(Decided March 16, 1897.)

---

HUNT J.

This is an action in which the plaintiff below sought to recover damages against the City of Cincinnati by reason of the change of grade of Lodge street or alley, in front of the premises of the plaintiff between Fifth and Sixth streets, in this city.

It appears that in 1869, the city of Cincinnati established the grade of Lodge street or alley by ordinance, and that afterwards the street was paved to the established grade. The plaintiffs below, as heirs of Adolphus Lotze, are the owners of premises fronting thirty-three (33) feet on the east side of Lodge street, extending eastwardly one hundred feet (100), upon which there is located a three-story brick building. used as a ware-house or for the manufacture of hot air furnaces and cooking ranges. The ancestor, Adolphus Lotze, erected the building now on the premises, several years ago, adapting it to the grade of the street as then established. It was built on a level with the street, so that there was egress and ingress from the street, and some eight or ten years ago, the building was enlarged and remodeled, and again adapted to the grade of the street or alley, as it then existed

On the day of September, 1892, the city of Cincinnati changed the established grade of Lodge street by ordinance, and during the month of October and November following, the city of Cincinnati, without having passed any resolution to improve Lodge street to the new grade, and without notice to any of the plaintiffs below—and without having passed any ordinance for such improvement, proceeded to cut down the street from Fifth street to Sixth street, and there left the plaintiffs ware-house standing some two and one-half feet above the grade of the street.

The plaintiffs' ware-house, which was a brick building with stone foundation and cellar, covered the whole width of the lot, and extended eastwardly ninety-five (95) feet, the front of the building being five (5) feet east of the house line. or ten (10) feet from the east curb of the street.

The plaintiffs claim that they have been damaged in the sum of $2412.50, and ask this amount, with interest from January 10, 1893.

On the trial below, the jury returned a verdict for the defendant, and judgment was entered accordingly. To reverse this judgment this proceeding in error is now prosecuted.

The following grounds of error are assigned:—1. That the verdict of the jury is not sustained by the evidence. 2. That the verdict is against the weight of the evidence. 3. That the verdict of the jury is contrary to the evidence. 4. That the verdict of the jury is contrary to law. 5. That the verdict of the jury should have been for the plaintiffs in error instead of for the defendant in error. 6. That the court erred in overruling the motion of plaintiffs in error for a new trial. 7. That the court erred in admitting testimony offered by the defendant in error, to which the plaintiffs in error then and there excepted. 8. That the court erred in rejecting testimony offered by the plaintiffs in error, to which the plaintiffs in error then and there excepted. 9. That the court erred in its charge to the jury. 10. That the court erred in refusing to give special charges asked for by the plaintiffs in error. 11. That the court erred in entering judgment in favor of the defendant in error and against the plaintiffs in error. 12. That the court erred in their decisions of law and fact prejudicial to the plaintiffs in error. 13. That there are other errors prejudicial to plaintiffs in error, and manifest upon the face, of the record.

The contention of the plaintiffs may be summarized as follows: First:—A right of action accrued because the city of Cincinnati changed the grade without notice to the plaintiffs in error of the proposed change of grade. Second—The plaintiffs in error are entitled to nominal damages at least. Third —The city of Cincinnati offered evidence to prove certain benefits as being special and peculiar which were not such in fact. Fourth—The manner of proving the amount of such special benefits was erroneous. Fifth —Even if special benefits had been shown, this could not be off-set against the damage suffered in this case.

This was not an appropriation of property, nor is this an action in the nature of a condemnation proceeding for property taken. It is an action for damages to the free-hold interest of the plaintiffs in error in the real estate described in the petition. The city of Cincinnati had a right to cut down the grade of Lodge street with the qualification that the plaintiffs in error should be made whole for any damages which they may have sustained by reason of such improvement. These damages, if they had been assessed before the improvement, would have been included in the cost of the improvement, and assessed back on the plaintiffs in error. The fact of damages must first be established, and the jury must determine whether a reasonable or prudent man would or would not make any change or changes in the property after the grade was cut down. Chatfield & Woods v. The City of Cincinnati, 1 W. L. B., 125.

Special benefits are such as accrue solely to the owner of land affected. L. M. R. R. Co. v. Collett, 6 Ohio St., 182. They are such as are not shared in by the public generally, and do not arise by reason of a new street being made, but are special and peculiar to the property in question. Testimony was introduced to show that the elevation of the floor above the street, will enable the owners to get a room well lighted, and that this would be of considerable value in their business, (pp. 259, 267, 269 and 203, of the Record). It is in evidence, too, that the present building stands five feet back of the line of the street, and that these five feet can be utilized to make a basement entrance to the basement room, which would be well lighted, and that this benefit cannot accrue to all the buildings in the street but is peculiar and special in its character, (pp. 267, 272 and 288). The city of Cincinnati introduced testimony to show that it was a special advantage to the property that the floor should remain between two and a half and three feet above the side-walk. Evidence was introduced to show that this is a factory building, (pp. 204, 222, 223, Record), and that it would be a benefit for a manufacturing building to have its first floor elevated the height of a wagon above the side-walk, and that heavy loading would be facilitated by such a kind of construction, (pp. 274, 283, 186, 187, 227, 228, Record). It was properly claimed that this is a benefit not shared in by all the buildings. They are of a different construction. The cutting down was less in some places than it was in others, and this building stands back from the house line. It was not a benefit like that of drainage which would arise from lowering the street, and which would be shared by all.

The city of Cincinnati introduced evidence to show, first, that there was in fact a special benefit to the property, and then the value of such benefit by competent real estate witnesses. This principle was recognized by the Superior Court in the case of Cavally v. The City, No. 47,519, where the defendant was allowed to show that by the construction of the very drain in front of the plaintiff's property, by which he claimed damages, his property received a peculiar and special benefit, and not common to the other property, and that this benefit was of a certain value.

The doctrine of deducting special benefits was first discussed in Ohio, in the case of the C. &. P. R. R. v. Ball, 5 Ohio St., 508, 579, and was afterwards referred to in Ry. Co. v. Longworth, 30 Ohio St., p. 109. See charge of Avery, J., 10 Am. Law Rec., p. 709. There was evidence introduced to show what it would cost to make the proper and necessary changes with reference to the new grade, and therefore the jury was justified under instructions from the court in making deductions for special benefits.

It is claimed by the plaintiffs in error that certain testimony as to the elevation, and boiler, and machinery was excluded. While it is true that the testimony as to the elevation was first excluded by the court, yet the plaintiffs' witness, Marcus, was allowed to testify as to the elevation and other witnesses did testify as to the use of the boiler and machinery, and the question was submitted to the jury. In Whetstone v. The City, 12 W. L. B., 247, (affirmed in 47 Ohio St., 196,) the court says, that the injury is to the building, and that inconvenience, loss of rents, etc., are not to be taken into consideration in change of grade cases. Only the damage to the building can be the subject of injury.

Plaintiffs in error excepted to the general charge, (p. 324), relating to deducting the increased value after the changes were made, and to that part of the charge in which the jury was instructed to first take into consideration certain acts and charges, whether or not it was reasonable to make the changes (p. 325). We do not think these exceptions well taken, nor do we think in view of the whole charge, that the court erred in refusing to give special charges. Nos. 3, (p. 326), No. 4, (p. 326), No. 5 and No. 6, (p. 327). A careful examination of the whole record leads the court to the conclusion that there is not such prejudicial error as to warrant a reversal of the judgment below.

Smith and Hollister, JJ., concur.

Judgment affirmed.

Drausin Wilson, C. M. Lotze, for plaintiff in error.

Corporation Counsel, contra.